## UNITED STATES DISTRICT COURT
## DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Constance Wilkie for N.P., the minor daughter, and as Personal Representative of the Estate of Jordan Parisien, Deceased<br><br>Plaintiffs,<br><br>vs.<br><br>United States of America, Department of the Interior, Bureau of Indian Affairs, Office of Justice Services, Police Officer Evan Parisien, both in his individual and in his official capacities,<br><br>Defendants. | )<br>)<br>)<br>)<br>)  Case No.:<br>)<br>)  **COMPLAINT**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### NATURE OF THE CASE

This matter presents a fatal shooting by a Bureau of Indian Affairs police officer within the Turtle Mountain Indian Reservation of a member and resident of the Turtle Mountain Band of Chippewa who is the father of Plaintiff N.P., a minor.

### PARTIES

1. Plaintiff Constance Wilkie is the Personal Representative of decedent's estate and the biological mother and guardian of N.P.

2. Plaintiff N. P. is the biological daughter and the only issue of the deceased shooting victim Jordan Parisien.

3. Defendant United States of America includes the Interior Bureau of Indian Affairs ("BIA") and Office of Justice Services ("OJS"), both within the U.S. Department of the Interior and agencies of the United States of America; the BIA/OJS were responsible for the hiring, supervision, training, oversight, and evaluation of Officer Evan Parisien, who was employed by the BIA and OJS as a law enforcement officer.

### JURISDICTION

1

4. The Court has jurisdiction under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346 § 1442 in that Plaintiffs seek money damages from the United States for wrongful death and personal injury caused by the negligence of a federal employee acting in his official capacity and within the scope of his duties. This case is ripe for judicial action and Plaintiff has exhausted all administrative remedies as required by 28 U.S.C. § 2675. Plaintiff timely submitted Federal Form 95 to the agency, and that claim was formally rejected by the BIA in a letter dated July 31, 2025. This suit is filed within six (6) months of the administrative denial in accordance with 28 U.S.C. § 2401(b). The Court has jurisdiction over the survival claim under 28 U.S.C. § 1367.

5. The Court has jurisdiction in this matter because the incident occurred in Indian Country as codified at 18 U.S.C § 1151, within the Turtle Mountain Band of Chippewa Indians reservation. The Supreme Court of the United States has held that the statute codified at 18 U.S.C. § 1151 also applies to determining jurisdiction in civil matters.

## STANDING

6. Plaintiff Constance Wilkie has standing to bring these claims on behalf of Jordan Parisien because Turtle Mountain Tribal Court named Constance Wilkie as Personal Representative of decedent's estate. [EXHIBIT A]

## FACTS

7. Federal law enforcement officer Evan Parisien shot and killed Jordan Parisien.

8. Officer Evan Parisien was also involved in a previous "officer involved" fatal shooting of Brandon Laducer.

9. On the morning of the shooting, about 8:00 a.m., the deceased Jordan Parisien approached the home of Plaintiff Constance Wilkie's mother, LeeAnn Lafromboise, driving erratically, and he asked to see Plaintiffs. It was the holiday weekend and the family was spending the night together at the mother's home. Plaintiff's friend Dylan Stevens met Jordan outside. Jordan was armed, wanted to see Plaintiff, and stated he was going to kill himself. Jordan then left without incident.

10. Immediately after Jordan left the Lafromboise residence, Plaintiff Constance Wilkie and her sister, Destiny Wilkie, who is also a BIA police officer but off-duty at the time, called police and informed them of the incident and circumstances.

11. At that point, the BIA Police Department knew the deceased was armed, driving erratically, and suicidal.

12.     After calling the police, Plaintiff Constance Wilkie called Jordan's grandmother Kelly Travis and Jordan's cousin Samantha Grant. Constance also attempted unsuccessfully to contact Jordan's girlfriend Tera McCloud.

13.     Plaintiff's sister Destiny, the off-duty Police Officer, was on the phone with a co-worker who was on the scene of the active shooting and heard the "shots fired" declaration.

14.     A video of the incident "went viral" in real time, meaning unedited.

15.     The video shows Jordan Parisien sitting in a pickup truck at a stop in a ditch along state Highway 5 (U.S. Route 281).

16.     The video shows Officer Evan Parisien walking away from his law enforcement vehicle, forming a triangle in relation to decedent Jordan Parisien. Officer Evan Parisien carried a high-powered rifle in the shooter ready position.

17.     The outdoor temperature was extreme cold and Decedent Jordan Parisien wore a heavy coat.

18.     Decedent Jordan Parisien exited his pickup with both arms down at his side and his hands visible.

19.     The video shows that Jordan Parisien did not raise his arms or hand before Officer Evan Parisien shot him multiple times and killed him.

20.     The video shows Jordan Parisien, with arms and hands still at his side, crumple dead to the ground.

21.     Law enforcement did not attempt to cordon off the relevant section of highway 5, which could readily have been done since nearby SkyDancer Way provides a convenient detour.

22.     The Final Autopsy Report, performed by pathologist Selly Strauch, University of North Dakota School of Medicine and Health Sciences, Department of Forensic Pathology, describes the injuries:

> *An autopsy was an indeterminate range, gunshot wound of head, without exit. A deformed projectile recovered from the left side of the neck. Injuries associated with this gunshot wound included subgaleal contusions, skull fractures, brain lacerations, a complete lactation of brain stem, a subdural, subarachnoid, and interventricular hemorrhage.*

> *There was an indeterminate range, gunshot wound of chest. No projectile or projectile particles recovered. Associated injuries included hemorrhage of wound track (deep adipose).*
>
> *There was an indeterminate range, gunshot wound of chest. A deformed projectile was recovered from deep adipose tissue of left pectoral region. Associated injury included hemorrhage of the wound track (deep adipose).*
>
> *An indeterminate range, gunshot wound of back was identified. A deformed projectile was recovered from deep adipose tissue of left midback region. Associated injuries include hemorrhage of wound track (deep adipose).*
>
> *Two "[s]hrapnel sites" were identified near the midline of the chest. Projectile fragments were recovered from each site. The maximum depths of fragment penetration was into the superficial adipose tissue.*

23. N.P. has suffered severe mental and emotional anguish since the tragic loss of her dad.

24. N.P. has been in professional mental health therapy since the tragedy.

25. The U.S. Department of the Interior Bureau of Indian Affairs Departmental Manual imposes, at 446 DM 20, pp. 1-8, performance duties on BIA/OJS police officers. Officer Evan Parisien grossly violated the Departmental Manual when he killed Decedent Jordan Parisien.

26. Officer Evan Parisien made n attempt to de-escalate the situation.

27. The BIA/OJS released vehicle mounted camera footage from the incident showing the decedent shot multiple times and killed while standing outside his vehicle in an unobstructed and non-threatening manner.

28. The "viral video" uploaded onto social media almost immediately by a bystander does not show Jordan Parisien brandishing or even holding any weapon during the shooting.

29. Officer Evan Parisien was involved also in an off-duty physical altercation at an outdoor music concert at SkyDancer Casino physically beating a female attendee at a music concert.

30. Bystanders obtained video footage of off-duty Officer Evan Parisien involved in the physical altercation at SkyDancer Casino.

31. The BIA-OJS did not have Officer Evan Parisien under suspension with limited use of firearms. Instead, Officer Evan Parisien was the apparent lead officer in the Jordan Parisien incident.

## CLAIMS

## 1. WRONGFUL DEATH PURSUANT TO
## N.D.C.C. § 32-21-01 and TMBC 6.05.010[1]

32. Plaintiff re-alleges and incorporates by reference all prior paragraphs of this Complaint into Claim I as though fully set forth herein. The United States of America, through Respondeat Superiore under the FTCA, and Officer Even Parisien, negligently, recklessly, and intentionally caused the wrongful death of decedent Jordan Parisien. Defendant Officer Evan Parisien acted in his official capacity. While acting in his official capacity, Officer Evan Parisien breached his duties to exercise due care, exceeded the scope of his authority as established by the Departmental Manual, and failed to de-escalate the emergent situation as required by the DM, such breach of duty proximately causing the death of Jordan Parisien, in turn causing personal mental distress and lasting emotional injury to N.P., decedent's minor daughter.

33. Plaintiff Constance Wilkie brings this action in her capacity of Personal Representative to recover damages for the loss of economic support, pain and suffering, and other compensable injuries sustained by the descendants of decedent Jordan Ray Parisien.

## 2. SURVIVAL OF DECEDENT'S CLAIMS
## PURSUANT TO N.D.C.C. § 28-01-26.1 and TMBC 6.05.010

34. Plaintiff re-alleges and incorporates by reference all prior paragraphs of this Complaint into Claim II as though fully set forth herein. The United States of America, through Respondeat Superiore under the FTCA, and Officer Evan Parisien, negligently, recklessly, and intentionally caused serious injury, including pain, suffering, and mental distress, to Jordan Parisien. Between the shooting and his death, Jordan Parisien sustained injuries as a direct and proximate result of

---

[1] TMBC Chapter 6.05 Damages for Death by Wrongful Act. 6.05.010 Death by Wrongful Act: "Whenever the death shall be caused by a wrongful act, neglect or default, and the act, neglect or default is such as would have entitled the party injured to maintain an action and recover damages in respect thereto, if death had not ensued, then in every such case the corporation which or the person who would have been liable, if death has not ensued, or the executor or administrator of the estate of such person as such administrator or executor, shall be liable to an action for damages, notwithstanding the death of the person injured and although the death shall have been caused under such circumstances as amount in law to a felony; and when the action is against such administrator or executor, the damages recovered shall be a valid claim against the estate of such deceased person. Actions for wrongful death or personal injury shall survive the death of the wrongdoer whether or not the death of the wrongdoer occurred before or after the death or injury of the injured person."
https://law.tmchippewa.com/us/nsn/tmchippewa/council/code/6.05

the negligent, reckless, and intentional wrongful acts and omissions of federal Officer Evan Parisien.

35. Plaintiff Constance Wilkie brings this action in her capacity of Personal Representative to recover damages for loss of income, pain and suffering, and other compensable injuries sustained by decedent Jordan Ray Parisien.

36. Plaintiff demands a jury trial in this matter.

## PRAYER FOR RELIEF

**WHEREFORE PLAINTIFF PRAYS** for this Court to find and hold the United States of America, the Department of Interior BIA/OJS, and Officer Evan Parisien fully liable for the wrongful death and survival claims of Jordan Parisien and N.P., his minor daughter, and to enter judgment accordingly for awarding the following:

**Damages:**

An amount to be determined at trial, for the benefit of Jordan Parisien's sole descendant, including but not limited to:

a. loss of society for N.P.;

b. emotional distress for Jordan and N.P.;

c. loss of economic support from decedent for N.P.;

d. conscious pain and suffering endured by decedent Jordan Parisien prior to death;

e. all other damages allowable under the FTCA and the laws of North Dakota and the Turtle Mountain Band of Chippewa.

**Costs and Interest:** an award of reasonable costs and disbursements in bringing this action.

**Other relief as the Court Just and Proper.**

**DATED January 30, 2026**

|  |  |
|---|---|
| /s/ Richard Monette | /s/ Jeff Dominic Price |
| **Richard Monette, ND Bar # 04968** | **Jeff Dominic Price, SBN 165534** |
| P.O. Box 200 | 23465 Civic Center Way |
| Belcourt, ND 58316 | Malibu, Calif. 90265 |
| PH: (608) 345-3731 | 310-451-2222 |
| Email: monette.richard@outlook.com | jdp@jdpfirm.com |